UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYDIA WANGARI KAHENYA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANTONY J. BLINKEN, *et al.*, <br><br> Defendants. | Civil Action No. 23-740 (TSC) |

## **MEMORANDUM OPINION**

Plaintiffs are Kenyan nationals awaiting an interview appointment to apply for immigrant visas to the United States. They have sued several officials in the U.S. Department of State, alleging that their interviews have been unlawfully delayed. Defendants have moved to dismiss the case under Federal Rules of Procedure 12(b)(1) and 12(b)(6). Motion to Dismiss, ECF No. 7 ("MTD"). Plaintiffs have moved to expedite a decision. Motion to Advance, ECF No. 10. For the reasons set forth below, the court will GRANT Defendants' Motion, and DENY Plaintiffs' Motion as moot.

### I. BACKGROUND

The Immigration and Nationality Act ("INA") governs the issuance of visas to foreign nationals who seek to enter the United States on a permanent ("immigrant") or temporary ("nonimmigrant") basis. 8 U.S.C. § 1101 *et seq*. The process of seeking an immigrant visa involves several steps. It begins with submitting a petition to U.S. Citizenship and Immigration Services ("USCIS"), which (if the petition is approved) transfers it to the State Department's National Visa Center ("NVC"), which in turn must process the petition and other submissions

before scheduling an interview between the visa applicant and a U.S. consular officer. *See* MTD at 2 (citing State Department websites).

Plaintiffs allege unlawful delay midway through that process. According to the Complaint, USCIS approved their visa petitions in July 2022, and they completed all required submissions to the NVC in September 2022. Compl. ¶¶ 20–21, ECF No. 1. Since that time, "NVC has made no requests for further information or evidence from the Plaintiffs," but has not yet scheduled their visa interview with a consular officer. *Id.* ¶¶ 22–28. Plaintiffs allege that they "have endured significant financial, emotional, and health burdens as a result" of that delay, which has put "Plaintiffs' lives . . . on hold." *Id.* ¶¶ 32, 46. They claim that the delay violates Defendants' "duty to schedule Plaintiffs' interviews within a reasonable period of time" and is therefore unlawful under the Administrative Procedure Act ("APA"). *Id.* ¶ 33–46. And they seek an "order mandating a time certain to adjudicate Plaintiffs' Applications," or even requiring that adjudication "immediately." *Id.* at 8 (prayer for relief).

## II.     LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff must establish that the court has subject matter jurisdiction over its claim. *Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 828 (D.C. Cir. 2007). In evaluating such motions, courts "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). However, the court may consider "any documents either attached to or incorporated in the complaint[,] and matters of which [courts] may take judicial notice." *Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." But as with a 12(b)(1) motion, courts "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quotation marks and citation omitted). That said, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. And a court need not accept as true "a legal conclusion couched as a factual allegation," nor "inferences . . . unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quotation marks omitted).

### III.     ANALYSIS

Plaintiffs' Complaint must be dismissed because they have failed to plausibly allege an unreasonable delay as a matter of law. That conclusion is guided by the so-called "*TRAC* factors," as set forth in *Telecommunications Research & Action Center v. FCC (TRAC),* 750 F.2d 70, 80 (D.C. Cir. 1984). Defendants argue that the court need not even reach the *TRAC* factors because Plaintiffs have failed to identify "a clear 'non-discretionary act,' or 'a clear duty to act,' that the law compels an agency to take." MTD at 7 (first quoting *Norton v. S. Utah Wilderness All*., 542 U.S. 55, 64 (2004); then quoting *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016)). Accordingly, Defendants contend that their "delay to act, however long, cannot be unlawful or unreasonable." *Id.* at 7–8. The court need not address that argument, however, because the delay alleged here is not unreasonable. *See Kangarloo v. Pompeo*, No. 1:20-CV-00354 (CJN), 2020 WL 4569341, at *140–41 (D.D.C. Aug. 7, 2020) (collecting cases that have

assumed without deciding that the *TRAC* factors apply). Consequently, the Complaint must be dismissed in any event.

The court therefore considers each of the *TRAC* factors in turn, then weighs them collectively. The six factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (formatting modified). "[T]hese factors function not as a hard and fast set of required elements, but rather as useful guidance as to whether a delay" is unreasonable. *American Hosp. Ass'n*, 812 F.3d at 189 (quoting *TRAC*, 750 F.2d at 79).

A. **Factors 1 and 2**

"The first factor is the most important TRAC factor, and is typically considered together with the second TRAC factor." *Arab v. Blinken*, 600 F. Supp. 3d 59, 69 (D.D.C. 2022) (quotation marks omitted). Their joint focus is "whether the agency's response time complies with an existing specified schedule and whether it is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Int. v. Food & Drug Admin.*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014). Plaintiffs acknowledge that "there is no firm statutory or regulatory timetable for scheduling visa interviews," and that "the government has adopted a first-in, first-out methodology in the adjudication of immigrant visa cases." Opp'n to Defs.' Mot. to Dismiss at 14–15, ECF No. 8 ("Opp'n") (formatting modified). That methodology is an identifiable rationale, so the only remaining question is whether it produces unreasonable delay here.

"Absent a congressionally supplied yardstick, courts typically turn to case law as a guide" for the reasonableness of a delay. *Khan v. Bitter*, No. CV 23-1576, 2024 WL 756643, at *4 (D.D.C. Feb. 23, 2024) (quotation marks omitted). "Even though courts have drawn no bright lines to determine reasonableness, district courts have generally found that immigration delays in excess of five, six, seven years are unreasonable." *Id.* (formatting modified). By contrast, courts in this district "consistently have held that two or three years does not constitute an unreasonable delay." *Tekle v. Blinken*, No. 21-CV-1655 (APM), 2022 WL 1288437, at *3 (D.D.C. Apr. 29, 2022); *see, e.g.*, *Sarlak v. Pompeo*, No. CV 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) (collecting cases); *Skalka v. Kelly*, 246 F. Supp. 3d 147 (D.D.C. 2017) (delay of about two years did "not require judicial intervention").

The first and second factors favor Defendants. Plaintiffs have been waiting for government action since September 2022. Compl. ¶ 21. They filed their Complaint about six months later. *Id.* ¶ 23. Even if the court considers the delay period as running until the issuance of this Opinion, it amounts to about eighteen months. *See, e.g.*, *Mahmood v. U.S. Dep't of Homeland Sec.*, No. CV 21-1262 (RC), 2021 WL 5998385, at *6 (D.D.C. Dec. 20, 2021). That makes the delay alleged here well within the range considered reasonable by courts in this district. In addition, Defendants explain that the delay has resulted—at least in part—from aftereffects of the COVID-19 pandemic: "while the pandemic has largely subsided in most of the world, the operational impacts of COVID-19 and other priorities for the allocation of visa services continue, and these lingering effects have delayed scheduling Plaintiffs' interviews." MTD at 4. Plaintiffs are correct that the pandemic cannot justify all delays in perpetuity, *see* Opp'n at 16, but its resulting "visa backlog" and "strain on agency resources" remain "important

context coloring the processing times for visa applications." *Khan*, 2024 WL 756643, at *5. "These circumstances further weigh in defendants' favor in the TRAC factor analysis." *Id.*

B. <u>Factors 3 and 5</u>

The third and fifth *TRAC* factors are also often considered together; they "examine 'the nature and extent of the interests prejudiced by the delay,' including whether 'human health and welfare' might be implicated." *Id.* (quoting *TRAC*, 750 F.2d at 80). The Complaint alleges that "Plaintiffs have endured significant financial, emotional, and health burdens as a result" of the delay, including their family "be[ing] forced to live separately in two different countries" and putting their lives "on hold." Compl. ¶¶ 4, 32, 45–46. "Prolonged separation from a spouse, fiancé, or other immediate family member" is a cognizable harm, as are other health challenges attributable to the delay. *Khan*, 2024 WL 756643, at *5. Defendants assert that "direct[ing] resources away from the adjudications that the State Department has identified as more urgent" might have "the same or worse impacts" on human health and welfare. MTD at 22. But "the individual health or welfare of th[ese] specific plaintiff[s] is most relevant when evaluating TRAC factors three and five." *Khan*, 2024 WL 756643, at *5 (collecting cases). Accordingly, these factors weigh in Plaintiffs' favor.

C. <u>Factor 4</u>

The fourth *TRAC* factor favors Defendants. They correctly observe that, in effect, the result that Plaintiffs seek here "would be merely to expedite the consideration of [their] request ahead of others." MTD at 20. Although that result might be less disruptive than a permanent change to Defendants' policies, it could still undermine their priorities. "The agency is in a unique—and authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way." *In re Barr Labs., Inc.*, 930 F.2d 72, 76 (D.C. Cir. 1991). "Processing capacity is presently a zero-sum game, granting plaintiffs' request

to expedite would necessarily mean additional delays for other applicants—many of whom undoubtedly face hardships of their own." *Murway v. Blinken*, No. CV 21-1618 (RJL), 2022 WL 493082, at *4 (D.D.C. Feb. 16, 2022) (formatting modified). As a result, "[r]elief that would simply reorder a queue of applicants seeking adjudication is generally viewed as inappropriate when no net gain in such adjudications is achieved." *Tate v. Pompeo*, No. CV 20-3249 (BAH), 2021 WL 148394, at *11 (D.D.C. Jan. 16, 2021) (quotation marks omitted).

Plaintiffs' objections do not withstand scrutiny. They argue that if "there is any queue here in the government's system, the Plaintiff[s] should certainly be at the front"—and if not, "this suggests that the Defendants' delay . . . is the result of agency inefficiency and a mismanagement of resources allocated to them." Opp'n at 20. But the Complaint never asserts that the Plaintiffs have been or should be first in line for visa interviews during the period of delay, much less alleges facts that would make that inference plausible. Contrary to Plaintiffs' contention, there is no burden on Defendants at the pleadings stage to "provide any data as to where exactly the Plaintiffs fall within this 'line,'" Opp'n at 19, especially where Plaintiffs have failed to make any allegations on that point. Likewise, the Complaint does not make any allegations indicating that the delay has resulted from "agency inefficiency" or "mismanagement of resources." *Id.* at 20. Consequently, there is no reason here to depart from the general rule disfavoring judicial reordering of immigration priorities, and this factor weighs in Defendants' favor.

### D. Factor 6

The sixth TRAC factor observes that "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'" *TRAC*, 750 F.2d at 80. Plaintiffs concede, however, that they have "not alleged any impropriety." Opp'n at 22. This factor is therefore inapplicable.

\*   \*   \*

On balance, the *TRAC* factors favor Defendants. Under the first and second, the length of Defendants' delay is well within the range of time that courts have consistently declined to consider unreasonable as a matter of law. And under the fourth factor, the relief Plaintiffs seek would disrupt the government's priorities and allow Plaintiffs to jump the queue of similarly situated people awaiting further action on their visa applications. The court acknowledges the real difficulties that Plaintiffs and their family face because of the delay, including some that tilt the third and fifth factors in their favor. But given a total delay of about eighteen months, those difficulties are outweighed by "the government's interests in balancing its own priorities." *Khan*, 2024 WL 756643, at \*6. The court cannot conclude that Plaintiffs have plausibly alleged an unreasonable delay, and their Complaint must be dismissed.

### IV.   CONCLUSION

For these reasons, the court will GRANT Defendants' Motion to Dismiss, ECF No. 7, and DENY as moot Plaintiffs' Motion to Advance, ECF No. 10. A corresponding Order will accompany this Memorandum Opinion.

Date: March 25, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge